Caruthers, J.,
delivered the opinion of the Court.
On the 28th of September,'1855, the plaintiff moved the Circuit Court of Madison, for the appointment of commissioners to assess the damages of defendant for the land necessary to be taken for the railroad. The application was granted, and the commissioners in the performance of their duty, assessed the damages .of Mrs. Bigelow to $800, for one acre and a fraction taken from her. No appeal was taken by her, and the report was made to the Court at the January Tern;, 1857. No objection having been made in her behalf, the report was confirmed, and the title to the land divested out of her and vested in the plaintiff, “ so soon as the value aforesaid is paid or tendered.’'’ After one year had elapsed from this judgment of the Court, a petition was filed for a writ of error, coram nobis.
The grounds relied upon in the petition, among others not necessary to notice, is, that the Court had no jurisdiction of the case, because the eighth section of the .charter, act of 1853, required that an effort to agree upon the value must be first made, and fail, before the application could be made to the Courts. It is further stated that, at the time of this proceeding, an agreement existed to settle and adjust .the matter between themselves, by negotiation, or reference. This is the main error of fact relied on to revoke and annul the judgment of the Court, by the use of the writ of error coram nobis. The Circuit Court sustained a demurrer to the petition, or rejected .the application, and from that judgment this appeal was .taken. The same question, and no other, is now before jxs; that is, (loes the case stated *626 authorise the issuance of the writ and the relief demanded? "We cannot now examine into and correct any errors that may exist in the original proceedings. It is said that no judgment was given for the $800 damages, and that should be corrected. The ease is not before us in a form to reach that question, or any error of law that may exist in the case. We are confined to the scope of this particular remedy. Nor need we make any remarks upon it, or the mode by which it may be recovered from the company; but certainly there can be no difficulty about that. The only question properly before us is, whether the Circuit Court erred in refusing to grant the prayer of the petition, and dismissing the same. We may, also, waive the question, whether if the position assumed in the petition and argument here be correct, this is the proper mode to obtain the advantage of it. For it is clear, that if the matter would be no defence, that the application was properly rejected. Considering, then, the question properly presented, we have no difficulty in deciding it.
¡, The provision of the eighth section of this charter, which is not different from most, if not all, the railroad charters in this State, is, substantially, that where the company, and owner of the soil required for the road, fail to agree upon the terms of purchase and sale, the Court shall appoint commissioners to value the land taken, &c. The position assumed is, that this is a condition precedent, and until it is complied with, that is, until an effort to agree is made, and fails, that the Courts have no jurisdiction. We do not think this is the proper construction of the act. It has never been so understood in any of the numerous cases which have been *627 before ns, under various charters containing similar provisions — no such question has ever been made.
The company have a perfect- right to take the land for their road, without consent or negotiation, and are guilty of no trespass. There accrues to the owner of the soil a right, just as perfect and unquestionable, to just compensation. The reference in the charter to the probability that the parties might agree, without a resort ' to the Courts, was not intended to make it a condition to the jurisdiction. It was barely a recognition of the right of the parties to settle the matter without litigation, which they would have enjoyed just as fully without it, in that, as well as any other case. It was sur-plusage in the act, and no legal effect can be given to-it. The construction contended for would be exceedingly inconvenient, and, in some cases, impracticable. The owners of the soil might be non-residents, unknown, or under disability.
The fact stated, that there was an understanding between the parties, that the matter was to be settled by agreement, at the time the report was made, does not alter the case as to this proceeding. The party had proper notice, and should have attended to the case at the right time. There was no appeal from the action of the commissioners to the Court, nor any writ of error from that Court to this; but a year was permitted to pass: before this peculiar remedy is resorted to. The Circuit Court was right in refusing it, and we affirm the-judgment.